UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRADLEY BEATTY,

    Plaintiff,

v.                                            Case No:  2:15-cv-607-FtM-38CM

UNITED PARCEL SERVICE, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant United Parcel Service, Inc.'s Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. #4) filed on October 5, 2015.  With the Court's leave, Plaintiff Bradley Beatty filed a Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. #12) on October 21, 2015.  Defendant's motion is ripe for review.

## BACKGROUND

This case arises from Plaintiff's former employment as a package driver with Defendant.  After ten years in Defendant's employ, Plaintiff's daughter was born in 2009 with a chronic and permanent disability that required intensive medical treatment and around-the-clock nursing care.  (Doc. #2 at ¶¶ 12, 16-20).  During the time following his daughter's birth, Plaintiff took intermittent leave under the Family and Medical Leave Act

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

("FMLA") to care for her.  (Doc. #2 at ¶¶ 25, 112, 115).  Thereafter, on or about October 25, 2013, Plaintiff took FMLA leave for his own medical condition.  (Doc. #2 at ¶ 103).  Approximately six weeks later, Defendant fired Plaintiff for failing to contact his supervisor.  (Doc. #2 at ¶ 106).

On August 12, 2015, Plaintiff commenced this suit in the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, alleging violations of the FMLA and the Florida Civil Rights Act ("FCRA").  (Doc. #2).  The crux of Plaintiff's case is that Defendant resented his need to take leave in order to care for his daughter.  (Doc. #2 at ¶¶ 30-37).  From this basic premise, Plaintiff asserts four causes of action.  In Count I, he alleges that Defendant interfered with, restrained, and denied his rights to work leave under the FMLA.  In Count II, he maintains that Defendant retaliated against him for engaging in FMLA protected activity.  In Count III, Plaintiff asserts that Defendant discriminated against him because of his daughter's disability in violation of the FCRA.  Finally, in Count IV, he asserts that Defendant retaliated against him in violation of the FCRA because he opposed disability discrimination and requested one or more periods of leave in order to care for himself and his daughter.

Defendant timely removed the case to this Court, citing federal question jurisdiction under 28 U.S.C. § 1331.  (Doc. #1).  Defendant then filed the instant motion to dismiss Counts III and IV.  (Doc. #2).

## STANDARD OF REVIEW

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff.  See Ashcroft v. Iqbal, 556

2

U.S. 662, 678 (2009). This preferential standard of review, however, does not permit all pleadings adorned with facts to survive to the next stage of litigation. The Supreme Court has been clear on this point – a district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when the court can draw a reasonable inference, based on the facts pled, that the opposing party is liable for the alleged misconduct. See Iqbal, 556 U.S. at 678. This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)).

## DISCUSSION

**A. Count III – FCRA Violation (Handicap Discrimination)**

Plaintiff alleges that Defendant violated the FCRA by discriminating against him because of his daughter's disability. (Doc. #2 at 121-26). He brings this associational disability discrimination claim under the FCRA and not its federal counterpart – the Americans with Disabilities Act ("ADA"). This distinction is important because, as discussed below, the FCRA does not expressly provide for such a claim.

The FCRA makes it an unlawful employment practice for an employer to discharge an individual or otherwise discriminate against the individual with respect to compensation, terms, conditions, or privileges of employment because of such individual's handicap. Fla. Stat. § 760.10 (2015). The ADA likewise prohibits discrimination based on an individual's disability but then goes one-step further in its enumerated protections. Among other things, the ADA unequivocally prohibits employers from "excluding or otherwise denying equal jobs or benefits to a qualified individual

because of the known disability of an individual with whom the qualified individual is known to have a relationship or association[.]" 42 U.S.C. § 12112(b)(4); *see also Hilburn v. Murata Elec. N. Am., Inc.,* 181 F.3d 1220, 1231 (11th Cir. 1999) (identifying the elements for a *prima facie* case of associational disability discrimination under the ADA). The FCRA lacks a comparable provision. *Compare* Fla. Stat. § 760.01, *with* 42 U.S.C. § 12112(b)(4); *see also Lynn v. Lee Mem'l Health Sys.*, No. 2:15-cv-161-FtM-38DNF, 2015 WL 4645369, at *3 (M.D. Fla. Aug. 4, 2015) (stating "violations of the ADA are not automatic violations of the FCRA").  And because the FCRA is unambiguous, this Court cannot (nor will it) read into the statute a prohibition against associational disability discrimination. *See Stansell v. Revolutionary Armed Forces of Colombia*, 704 F.3d 910, 915 (11th Cir. 2013) (stating, "a statute's plain language controls unless it is inescapably ambiguous").  In other words, there is no claim for associational disability discrimination under Florida law.

Accordingly, the Court grants Defendant's Motion to Dismiss as to Count III. Nevertheless, the Court will allow Plaintiff to amend the Complaint in order to assert an associational disability claim under the proper statute, as this case remains in its infancy and no Rule 16 case management and scheduling order has been issued.

**B. Count IV – FCRA Retaliation**

Next, Plaintiff alleges that Defendant retaliated against him for "opposing disability discrimination" and "requesting one or more periods of leave in order to care for himself and his daughter."  (Doc. #2 at ¶¶ 127-30).  The FCRA's anti-retaliation clause states that

> [i]t is an unlawful employment practice for an employer . . . to discriminate against any person because that person has opposed any practice which is an unlawful employment practice under this section, or because that person

> has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this section.

Fla. Stat. § 760.10(7). Because the above provision is almost identical to the ADA's anti-retaliation provision, Florida courts follow federal case law when examining FCRA retaliation claims. *See* 42 U.S.C. § 12203(a) (prohibiting an employer from "discriminat[ing] against any individual because such individual has opposed any act or practice made unlawful by [the ADA]"); *see also Carter v. Health Mgmt. Associates*, 989 So. 2d 1258, 1263 (Fla. 2d DCA 2008) (citations omitted). Consequently, to establish a *prima facie* case of retaliation, a plaintiff must show that (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment action; and (3) there is a causal link between the adverse action and the protected activity. *See Lucas v. W.W. Grainger*, 257 F.3d 1249, 1260 (11th Cir. 2001).

Here, Plaintiff asserts a retaliation claim under the FCRA's opposition clause. To establish that he engaged in protected conduct under that clause, Plaintiff must allege facts, which if true, support the conclusion that he had "'a good faith, reasonable belief that . . . [Defendant] was engaged in unlawful employment practices.'" *Arnold v. Heartland Dental, LLC*, __ F. Supp. 3d. __, 2015 WL 1456661, at *6 (M.D. Fla. Mar. 30, 2015) (quoting *Little v. United Techs., Carrier Transicold Div.,* 103 F.3d 956, 960 (11th Cir. 1997)). The Eleventh Circuit has expounded on the "good faith, reasonable belief" requirement, stating the following:

> It is critical to emphasize that a plaintiff's burden under this standard has both a subjective and an objective component. A plaintiff must not only show that he *subjectively* (that is, in good faith) believed that his employer was engaged in unlawful employment practices, but also that his belief was *objectively* reasonable in light of the facts and record presented. It thus is not enough for a plaintiff to allege that his belief in this regard was honest

5

> and bona fide; the allegations and record must also indicate that the belief, though perhaps mistaken, was objectively reasonable.
>
> A plaintiff, therefore, need not prove the underlying discriminatory conduct that he opposed was actually unlawful in order to establish a prima facie case and overcome a motion for summary judgment[.]

*Little*, 103 F.3d at 960.

In moving to dismiss Count IV, Defendant focuses on the first element of a FCRA retaliation claim and argues that Plaintiff did not engage in statutorily protected expression because he did not complain about any alleged behavior prohibited by the FCRA, namely associational disability discrimination.  (Doc. #4 at 5-6).  However, the Court's decision to allow Plaintiff to amend the Complaint in order to assert an associational disability discrimination claim under the ADA renders Defendant's argument moot.  Plaintiff can likewise amend the retaliation claim and bring it under the ADA.  Accordingly, the Court denies Defendant's motion to dismiss Count IV as moot and grants Plaintiff an opportunity to amend the retaliation claim.

Accordingly, it is now **ORDERED:**

Defendant United Parcel Service, Inc.'s Motion to Dismiss Counts III and IV of Plaintiff's Complaint (Doc. #4) is **GRANTED in part and DENIED as moot in part**.

Plaintiff must file an amended complaint consistent with this Order on or before **December 17, 2015**.  Defendant shall then file an answer to the amended complaint within **fourteen (14) days** of service per Rule 15 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Fort Myers, Florida this 3rd day of December 2015.

*/s/ Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record